All rise. This court now returns in session. All right, we have James Gallaher versus United States District Court for the District of Washington, case number 0774593. And I note that there are two parties here, and I think that we also received a letter from Judge Whaley saying that he wasn't going to present any additional argument. Is that correct? That's correct, Your Honor. And I believe that what this case boils down to is whether or not there's... I'll just take your name just for the record. Oh, excuse me, Your Honor. Thank you. Steve Hormel, representing the petitioner James Gallaher. This is one of the few times that you have the government agreeing with you, but now you have to convince us. Yes, Your Honor. And as I was indicating, I think what this case boils down to is whether there's any difference in a conditional plea and an unconditional plea after a defendant tenders this guilty plea and the judge has gone through all the 11B requirements and found that the plea was voluntary and found a factual basis, whether or not the tendering of the guilty plea by the defendant, entering it in open court, is the same as acceptance as this court in Vasquez Ramirez found. And the district court in this case, Judge Whaley, went through the entire plea colloquy, all the requirements of 11B, found a factual basis, found that the plea was voluntary, accepted in the sense that it received the guilty plea from Mr. Gallaher and made the appropriate findings under Rule 11. And I guess just before he was going to pronounce it, he accepted... Well, Judge Whaley is pretty adamant here that he didn't accept this plea. So that I think that the, obviously, if you meet 11B, and we have Ninth Circuit precedents that obviously the Vasquez Ramirez and Ray Ellis that would say if it's an 11B situation, then I think in which you and the government are somewhat taking that position on, then it's over and done. But when you get into the conditional plea, I think that those cases are not directly on point. So the question is, I believe that you would be asking us to extend that to the conditional plea. Well, Your Honor, I think that you have to look at a conditional plea and an unconditional plea sort of in the similar light, because the way Rule 11A.2 is worded is that with the government and the court's consent, the defendant may enter a plea. So the court, by allowing Mr. Gallaher to enter the plea, the plea has been entered. So in that respect, it's no different than once the plea is entered, whether it's unconditional or conditional, it's entered. Well, let me play the devil's advocate with you, and I'm going to call it the judicial advocate here, having been a very long-time judge and having accepted pleas and that sort of thing. Where it says that you need the consent of the court, what I, you know, the problem that I am struggling with here is it's not infrequent to see situations like this, where prosecutors have evidentiary problems. You've got a first, what, a first-degree indictment. They want to, they've decided for whatever reason they've got evidentiary problems. They want to make it less, and then they want to put all these conditions on it. And they need the consent of the court to go along with here. There were actually, I mean, from a judicial standpoint, you could look at, well, you could see that maybe they were asking you to do an illegal sentence in a certain way because they were going to appoint, they were going to make the sentencing range be what was in effect at a certain time, which wasn't really what was in effect at the time that it was doing here. And, you know, my feeling as a judge to some extent, when I consent to something at the end of the day and I sentence someone to something, I need to be able to, you know, that stands out there, that is my sentence, and I need to be able to justify that. And if the DA has got problems with their evidence and I think it's a ridiculous sentence, why doesn't the DA just dismiss it? I don't need to be a party. I don't need to be a party to all this sentence for what. And that's what I'm hearing Judge Whaley going through here. He's saying, like, I've got problems with this. I can't live with it. It requires my consent. I'm not consenting to this. And if I were ever going to consent to this, I want to look at certain things and be sure that I'm covering, you know, my own behind in the end and feel that I'm giving a justified sentence. So what does consent mean then? I mean, he claims he never consented to it. And I, you know, honestly, when I'm looking at this, I'd be probably looking at the U.S. Attorney and saying, you know what, if you don't have such a good case, then maybe you need to dismiss it. Or if you want to make this an involuntary manslaughter and let me do whatever, then I can't, you know, I can't control that. But you want to make it an involuntary manslaughter, then you want to put all of these other conditions on it, which require my consent, and I don't like it. Well, Your Honor, what's happening is what I hear the court saying or you, Judge, saying is that... I'm giving you the judge argument here. Okay, what the judge is saying, excuse me. Well, but I have some sympathy for it, I've got to say. I understand that. But again, this is doing kind of what Corona Perez did, and that's mixing up the guilty plea with the plea agreement. The other provisions of the plea agreement about the waiver of ex post facto, the waiver of the statute of limitations, has nothing to do with the conditional nature of the plea because the only condition on which Rule 11 A2 gives us court authority to consent or not consent is whether it's a case dispositive issue. So the other provisions in the plea agreement that Judge Whaley had a problem with have nothing to do with the case dispositive issue that we were trying to get before the Ninth Circuit. Does he actually have to accept the plea, though? He doesn't have to accept the plea, but once the plea is tendered, as Vasquez Ramirez says... Under 11B. Under 11B. But this is 11C. But 11B, no, 11B goes through the requirements. This is an 11, this is also an 11C1C, but an 11C1C goes to what the parties believe the proper disposition of the case is. We agree to a sentencing range of 4 to 6 years. That's where the 11C1C comes into play. The 11A2, or excuse me, yeah, the 11A2 is the conditional nature of the plea. It's still the entry of a plea. Has nothing to do with the other provisions of the plea agreement. But why shouldn't we not hold that in light of decisions like United States v. Bundy or United States v. Davis that the district court has absolute discretion to decline to accept a conditional plea? You know, I mean, this, if we were to rule, if we were to give you what you want, then I see that then judges would have to be in the position if the AUSA and the federal defender come in and say, hey, judge, we've worked it all out. Here it is. And by your argument that we would have, you know, we wouldn't have any discretion whether to accept it or not. You would have the discretion before the defendant, you'd have absolute discretion before the defendant actually enters this plea in open court. In Davis, the district court judge had a written conditional guilty plea before him before the plea colloquy, before the plea was tendered, informed the defendant, I don't like this conditional plea. I don't want you to be able to appeal, so why don't you talk to your lawyer to see if you want to do an unconditional plea. After conferring with his lawyer, the defendant decided to do an unconditional plea. But why is that different here? Judge Whaley goes through certain things and he says, I don't like this. I'm not saying I can do this unless I can look, I need more information, I can't, you know, I don't like this. So then what Judge Whaley did is he used an improper condition to make it conditional. In other words, he said, I'm going to review the pre-sentence report, which he can't do. Okay, that was wrong. And so, but, you know, I'm wondering why isn't, you know, why isn't the right result here? He never accepted the plea. He was wrong to look at the pre-sentence report under these circumstances because he didn't get the written consent of the defendant. And it goes back to another judge. Your Honor, because I believe that when a defendant enters a plea, whether it's conditional or unconditional, the policies behind the fact, the policies of the Ninth Circuit recognize that Vasquez-Ramirez apply equally. Once a defendant has gone through the entire colloquy, once the district court has made the appropriate findings, and gone through the whole thing, and allowing the defendant not only to enter the plea, but the court received the plea in open court, then the same policy considerations apply whether it's conditional or unconditional. What does consent of the court mean then? Consent? Is that just surplusage? Well, we're using the word... He had the consent of the AUSA, but Judge Whaley says he didn't consent to this. Consent means allowing the defendant to enter a plea. In fact, that's the way a Rule 11A2 is worded. With the consent of the court, the defendant can enter the plea. He entered the plea. Judge Whaley at that time did prohibit him from entering the plea. If it's a conditional plea and you don't consent to the conditions, how have you consented to that? Judge Whaley knew at the time the plea was entered that Mr. Gallagher was going to be reserving the right to appeal his motion to deny the statute of limitations. That's the only way you can do a conditional plea. The other conditions as far as the waiver of statute of limitations, the other issues ex post facto have nothing to do with the conditional nature of the plea. It has everything to do with the plea agreement. Judge Whaley hasn't gotten to the point where he's even deciding whether he's accepting the plea agreement because he's saying I didn't accept the plea. Rule 11A, 1, 2, and 3, they, it specifies when can a defendant enter a plea. Not when does the court accept the plea, but when can a defendant enter a plea. A1 says they can enter a plea unconditionally, without a plea agreement, whatever. A2 says it can be a conditional plea and the court can allow, can consent to the entry of the plea as long as it's in writing. In this case, the unconditional nature of the plea was in writing. He reserved his right to appeal and the court permitted him to enter the plea. The next part of Rule 11 is the 11B provisions that require all the rights and determinations by the court. And then 11C determines what kind of plea agreements there are. So Judge Whaley did consent to him entering his plea knowing the conditional nature of the plea. Only that is he reserved his right in writing to appeal the statute of limitations issue. So I think in essence what Judge Whaley has done in this case is he's actually vacated an already entered guilty plea by saying he didn't accept it or didn't consent to the plea because it's already entered. It's in the record. It's before the court. I plead guilty, Your Honor. I plead guilty because I am guilty. It's been entered as a matter of record, and Rule 11A talks about when can a defendant enter the plea. And so he's consented to all the conditions that the AUSA put on it. Those considerations go into determining whether or not he's going to accept the plea agreement under Rule 11C. The only condition he's concerned with on 11A2 is the conditional nature of the plea that it's in writing and the defendant understands that he's reserving the right to appeal and the court receives the plea knowing that he's reserved this right to appeal that's in writing. The structure of Rule 11 supports that interpretation, Your Honor. So what, if we give you what you want, then the judge can sentence your client to whatever would be the permissible sentence under an involuntary manslaughter as the law presently exists? Yes. That was the waiver of ex post facto that we discussed. In fact, we discussed, we submitted in writing briefing showing the court that he's permitted to receive an ex post facto waiver. In fact, the case law, I wasn't prepared to give you the case law on that. The case law on the Ninth Circuit says a defendant can actually waive ex post facto without even realizing they're doing it as long as they agree to a particular sentence. It's outside of the penalty that was in place at the time they committed the offense. I understand why you want to enforce the plea and I understand why the district attorney wants this to take effect, but I still feel that you're asking for an extension of our case law from what applies to an unconditional plea as opposed to a conditional plea. The only way I can answer that, Your Honor, is the only thing that a district court is concerned with on a conditional plea is whether the provisions in writing and what the defendant is reserving as the right of the appeal. The ex post facto waiver, the statute of limitations waiver that's in the plea agreement has nothing to do with the entry of the plea itself. Do you want to reserve for rebuttal and let the U.S. attorney argue your case for you, too? I certainly would, Your Honor. Thank you. Good morning, Your Honors. May it please the court. My name is Joe Harrington. I'm an assistant U.S. attorney for the Eastern District of Washington in Spokane. Your Honor, I think in this case there has to be a recognition that there's a difference between entering a plea and entering a plea agreement.  Rule 11A and Rule 11B is, as recognized by the Supreme Court in Hyde, is different than the whole procedures about plea agreements. I would agree and have agreed with counsel for the defendant that in this case Mr. Gallagher entered a plea under Rule 11A and 11B. If the court reviews the appendix to the petition in this case, the district court inquired of the defendant in open court after having gone through an extensive colloquy with him. The court, what is your plea to involuntary manslaughter? The defendant, I plead guilty to involuntary manslaughter, Your Honor. The court, are you pleading guilty because you are guilty? The defendant, because I am guilty. The court then asked the defendant to go through the factual basis and the defendant explained what he had done in connection with this charged crime. The court then asks counsel, is there any reason I shouldn't accept this plea? And counsel said, no, Your Honor. Are you satisfied the plea is knowing involuntary? And counsel said, yes, he was. Then, pursuant to the requirements of Rule 11B, the court made certain findings. First, the court said, I find your plea is knowing, involuntary, and intelligent. And the court went through it and explained that he knew what the charge was, what the penalty was, what the constitutional procedural rights were. And that he was making a voluntary decision to enter the plea. Consistent with Rule 11B, then, the court made a finding that there was, in fact, a factual basis for the plea. And then the court found that the defendant was competent. Well, okay, that he has, you know, the defendant here has your consent. But what tells us here that it has the court's consent to this conditional plea? I mean, the court said it didn't consent to it. And there is indications in here that the court was having problems with this. Your Honor, the ---- So all someone has to come in and say is, I'm guilty, and that's done. No, Your Honor. I think that's a two-part question. I think, initially, the court consented to allow the defendant, in this case, to enter a plea, a plea of guilty after there were certain findings and the requisite findings under Rule 11B. So the court did consent to allow the defendant to enter the plea. And that would be consistent, I think, with Vasquez and Inouye Ellison in the Supreme ---- or in the Ninth Circuit here. The court, I think, may have misunderstood ---- respectfully, Your Honor, the district court may have had a misapprehension of that division between pleas and plea agreements because ---- Well, the court, I don't think, as in the case that was cited by the appellant, where the court could look at the whole thing and get hinky about it before ever starting, here the court gets hinky as it goes along because as you start explaining things, the court is going, whoa, whoa, whoa, whoa, whoa, you know, this, you know, so ---- I understand, Your Honor. If you look at the record, however, the court goes through the plea agreement in a fair amount of detail and understands ---- Tell me don't play that. Well, Your Honor, respectfully, I think if you ---- my reading of the record is that the court went through in a fair amount of detail with respect to the terms and conditions of the plea agreement, and only thereafter, after the court was advised of the terms and conditions, thereafter took a plea of guilty from the defendant and then made all the requisite Rule 11b findings. So, and again, I think, and respectfully, I think the district court may have had a misapprehension of this division between a plea under Rule 11a and b and a plea agreement under Rule 11c, because the court then goes on, after I would submit that the defendant's plea has been entered and accepted, the court then says, what I'm going to do, pause, this plea binds me. The plea does not bind the court. The plea agreement does. And I think that by saying, by the court saying that the plea binds the court, I think the court had a misapprehension of exactly what the nature of the defendant's plea was versus what the plea agreement does. The court then went on to say, I want to review the pre-sentence report before I'm sure that I want to accept this plea. Now, that's consistent with accepting a plea agreement, because that's the process you go through. Well, it's, you know, I guess I'm bothered here that it would be almost like if you put the position of, if you're taking a plea from a defendant and a defendant at some point starts going sideways on you, you know, you don't right there in that presence, you don't get up and go, gotcha. You know, you said all of that up to this point, but now you're saying misgivings and they're, well, it's going through and there seem to be problems. But you want to play that same gotcha on the judge. And if this were, you know, I mean, I understand, you know, you maybe can't prove your case, and if you have to go to trial and you can't get someone to do what you want them to do here, then, you know, that's, but they're, if all of this had been written down before, it would be clear to me that Judge Whaley would, you know, have just said, well, let's not waste our time. But then everyone wants to, at the point that he starts realizing what's going on, then you want to go, gotcha. And it just happens to be in your interest here, so the two of you are, you know, together. I understand, Your Honor. I wasn't going to say in cahoots. First, with respect to the court's comment, the government does prove it can prove its case, and there's no concession with respect to that. Government what? Can prove its case. And so you're giving away a first-degree murder conviction for an involuntary manslaughter because you've got enough proof? Your Honor, those are issues that are, respectfully, Your Honor, that are within the exclusive province of the executive department. Oh, they are. You're right. But I was a prosecutor for 10 1⁄2 years, so I haven't seen that very often. When you can prove first-degree murder, it suddenly becomes an involuntary manslaughter. I understand your comments, Your Honor. I think second of all is that the government entered into a plea agreement with the defendant. The plea agreement is contractual in nature, and it was an open and arm's-length contract. And so I would suggest to the court that I in no way ever intended or I don't think the parties intended to do any sort of gotcha with the district court. I think instead that there was a plea agreement reserving one. So what were all of Judge Whaley's misgivings? I mean, where is his consent? I mean, there's a lot in the record where he's having problems with this. I understand that, Your Honor. I can't speak for Judge Whaley, but what I can do, what I glean from the record, is that Judge Whaley wanted to look at the pre-sentence investigation report before deciding whether he was going to accept the plea agreement under Rule 11C1C. And that would be consistent with the court's comment saying, what I'm going to do, this plea binds me. The plea doesn't bind the court. The plea agreement does. What I'm going to do is review the pre-sentence report before I'm sure I want to accept this plea. And what I glean from the record is that the court meant to say, before I want to accept this plea agreement, under High. That's not what it said, right, before I accept this plea. It's not, Your Honor. But it would be consistent with the court saying, I want to review the pre-sentence investigation report before. Well, what if the defendant said, I want to see the probation report before I plead guilty? Would you then say that he pled guilty, but he just didn't plead guilty for that sentence? I'm not sure I understood the question. Well, you said that Judge Whaley said, I want to see the probation report before I accept this plea. But you interpret that to me before I accept this plea agreement. Now, if the defendant said, I want to see the probation report before I plead guilty, would that mean he pled guilty before I enter my plea? That would be a different circumstance. What we have here is a defendant who enters the colloquy with the judge. The judge asks him, how do you plead to this charge? He said, I plead guilty. And then the court finds all the requisite Rule 11B requirements, that it's knowing, voluntary, intelligent, he was competent, and all the other requirements of Rule 11B. So I would submit respectfully from the defendant's perspective, he entered his plea. There was a finding that it met all the requirements. Even though the judge said, before I accept this plea? I think that statement was, I'm not trying to parse the record here, Your Honor, but I think the defendant entered his plea, the Rule 11B findings were made, and then it was only after that point that the court said, what I want to do is review the pre-sentence report before I accept the plea. But I think at that point the defendant had already tendered the plea, and the plea was accepted by the court. So from the defendant's standpoint, I would respectfully submit that he went through, he entered his plea, it was knowing, voluntary, he met all the requirements of 11B, and the plea was entered. So then to, and I think it's consistent with Inree Ellis and Vasquez, is that then to come back. Is it exactly on point? Well, Your Honor, it was, it can't, it's not exactly on point because those two cases involved conditional pleas, but I would submit, I'm sorry, unconditional pleas, but I would submit, Your Honor, respectfully, that at least in respect to this case, there's no difference because the plea was entered. It would be a different story if the defendant in this case didn't enter a plea or if the court had reservations about whether it was going to consent to allow him to enter a conditional plea before. This is where you've lost me. If a defendant unconditionally tenders a plea and the judge takes him through the entire 11B colloquy, is there any discretion with the judge as to whether or not to accept that plea? Unconditional, you've gone through all of the 11B requirements. Does the judge have any discretion other than to accept and enter that plea? I'm not sure if I have a specific answer, but I can tell you just off the top of my head, if a defendant unconditionally admits guilt and pleads guilty to the charge and the Rule 11B parameters are all met, I think the court has to accept that plea. Now ---- I generally agree with you. Now ---- Now, I think that later ---- What happens if it's a conditional plea? Then the judge does have discretion as to whether or not he's going to accept the conditional plea, right? So the plea is simply tendered. But until such time as the court accepts it, that plea is not entered, is it? Your Honor, I think that tendering a plea is the same in some form and substance as accepting a plea. And I think that's carried out, I think, expressly in Ray Reyes, I believe. But how can you make that decision when you haven't even heard the conditions? The conditions are still being discussed. Because if it's a conditional plea and you have to accept, the court has to contend and consent to it, yeah, that's part of the process. Yeah, you would have to go through all the rights and all of that sort of thing. But the conditions are an important part about that. That's what makes it a conditional plea. And that's why there's ---- that's why these plea agreements have to be in writing. And the court, at least in this case, I would submit in all cases, a written plea agreement is submitted to the court for the court's review where the parties have entered into a conditional nature of a plea. That's why the rule requires that. So the court can look at that in writing and decide whether this is the type of a case that the court should allow or consent to enter the conditional plea. I would respectfully submit that the parties, the defendant and the government, have different interests than the court in entering conditional pleas. Under the committee notes for Rule 11a.2, the committee notes recognize that the And I'm reading from a ---- I'm reading, I think, from a ---- Well, but also, too, you're right. We're all different branches of government. But just like I can't make you reduce a charge or tell you what to charge, you can't make me consent if I don't want to, if consent is required. That's correct, Your Honor. And so with respect to that issue, the courts have recognized. I don't have a Ninth Circuit case. This is out of the Fourth Circuit. But it's recognized that the defendant and the prosecutor have or may be less energetic to protect the interest of the judiciary. And it's the duty of the district court to ensure the defendant reserves only issues that can be adequately resolved, either the record is fully comprised or it's a case dispositive issue. And the policies behind that, I think, is that I think the committee that drafted the rule didn't want nondispositive issues to percolate up to the appellate levels and then back to the district court. And then I could go on continuously. So I think that there's a strong public policy for district courts in the first instance to look at this written condition that would be conditioned a defendant's guilty plea. In this case, it was Judge Whaley's dismissal of the ---- the defendant wanted to reserve that issue. And that would be a case dispositive issue. It's agreed by the government. It would be on the defendant as well. And that's the type of an issue that, because it's case dispositive, would fall within the policy parameters of the rule itself. Now, the next question ---- Did anyone say to Judge Whaley right there, well, you know, Judge Whaley was saying, you know, I need to have more information. I need to look at this PSR and I can't, you know, before I can know whether I can accept this plea. Did anyone say to him, oh, Judge, you can't do that unless you get the defendant's waiver in writing? There was ---- That would have to be ---- that's the only way you can do a pre-place situation. And ---- There was certainly the record was there was no affirmative ---- I don't think the defendant ever affirmatively said, Judge, you can do that. There was certainly no writing. But counsel for Mr. Gallaher did ---- was questioning. He said to Judge, are you conditionally accepting the plea agreement or the plea? There are two layers here. So the defense counsel said, I'm confused. And that colloquy goes on in the appendix at page 42 to 43. And so there was some confusion there about whether the court was ---- So what did the judge finally say there? The judge finally ---- and now this all occurs after the plea has been entered, the guilty plea has been entered. The court says what ---- and this is at page 43 of the appendix. What I'm trying to say is that most of the time I accept the plea or don't accept it, or I accept it conditioned upon getting the pre-sentence report. What I want to do is I want to review the pre-sentence report and then accept it or not. So the court wanted to ---- it said the court wanted to look at the pre-sentence report before it accepted the plea. But, again, it's the ---- it would be the government's position that the plea had already been entered. And respectfully, again, the court may have ---- the district court may have had a misapprehension about that division between accepting a plea and then accepting a conditional plea agreement. And that, again, would comport with his earlier statement. What I'm going to do, this plea binds me. The plea didn't bind him. The plea agreement did. What I want to do is review the pre-sentence report before I know I want to accept this plea. Generally, that's what you do with a Rule 11C1C plea agreement. So I think in the end, at bottom, Your Honors, is that I ---- it's the government's position that this court should grant the remand or grant the Petitioner's mandate and find that, in fact, in this case, the defendant did enter a conditional plea of guilty to this charge. Is that a Freudian slip? I think it was, Your Honors. I'm sorry. I think this is all being recorded, too, isn't it? At the office, people oftentimes tap in. The court now has the ability to listen to the audio tapes. And I'm sure I'll be hearing ---- I know you didn't mean it. I'll go on the record of that. Yeah. Thank you. Thank you. I concur with everything you said. It's so nice when you can both agree. I told Mr. Harrington when we first started this, the first time I'll say, please counsel, and I mean it. But I think there's three words that are important here. One is consent. You know, what does consent under Rule 11 mean? Because the way I read Rule 11 is, with the consent of the court and the government, a defendant may enter a conditional plea of guilty. A plea of guilty was entered, understanding what the conditional nature of it was, and that was reserving the right. So then the next ---- Wait a minute. It was the ---- Mr. Gallagher entered his plea of guilty. The conditional nature of the plea was discussed with him before he entered that plea of guilty. How do you respond to the same question that I put to the AUSA, Mr. Harrington? That when we're dealing with a conditional plea, depending upon whether or not, for example, in this particular case where the defendant contemplates filing an appeal and where the district court has to evaluate whether or not this appeal is well-founded and whether or not it will be dispositive of the case, and thereafter makes a decision as to whether or not he or she will accept the conditional plea, all right, it is What do you say to the theory that what the defendant is actually doing is simply tendering a conditional plea, that the judge goes through an evaluation process and will decide whether or not to accept that plea, and if it's accepted, then it is entered? Is that completely wrong? No. Your Honor, I think so because of the structure of Rule 11b. Rule 11b says acceptance of a plea hinges on whether or not the plea is voluntary. That's what I'm saying is there's three words at play here. There's consent to enter the plea. There's acceptance of the plea as spelled out in Rule 11b, and that is it has to be knowing, voluntary, and intelligent before the court can accept the plea. So the only time the word accept the plea comes into play is after the plea has been entered and the court makes that finding. So then there's the word vacate the plea, and what I really think in essence happened here is Judge Whaley first says this plea binds me, so I don't know if I want to accept the plea. He's using the word accept. He's not using the word I don't know if I want to consent to this conditional plea. He's saying I don't know if I want to accept, and I think the word consent to entry of the plea, the acceptance of the plea, and the vacation of an already separate thing. I agree, and I don't think we ought to be confusing 11b with what we're talking about here. I think, and I could be wrong, but again, I invite your thoughts with respect to the theory that under 11b, after the judge, well, this is a plea is tendered, and then the judge walks the defendant through all of his various rights to make sure that it's knowingly, voluntarily, and intelligently made, and after the defendant has made all of the required answers are given, what do you think of the theory that at that point, the judge has no discretion but to accept that plea and enter it? Does that sound fair to you? On an unconditional plea? Unconditional. Has 11b. Absolutely no discretion whatsoever to refuse to accept. That's right. So the only time the discretion enters is when there is a conditional plea, and the district judge then must go through some sort of an evaluative process to determine whether or not the condition is based upon some frivolity, for example, or whether or not from the record it appears that the appeal is well, the contemplated appeal is well founded, and it will be case dispositive, and if the judge resolves those questions in the defendant's favor, then the judge can accept the tender, correct? But it's only a tender by the defendant. Judge, here are my terms. I will agree to accept, I will agree to plead guilty on the condition that if my appeal is successful, I am permitted to withdraw that plea. Do you accept those terms, judge? All right? There is discretion there, right? There is when it comes to the terms of the plea agreement, but not the plea itself. That's right. That's why I think the judge asked the question, do I have to now accept the plea agreement? Actually, Your Honor, if I may get to my third word that I'd like to use, and that's vacate. Because really what Judge Whaley is doing here, he's not withholding consent because he's already allowed Mr. Gallaher to plead. He's not accepting or rejecting because he's already made the appropriate findings under Rule 11b. What he's now doing is he's vacating the already tendered guilty plea and setting it for trial. But the practical effect of what you're asking this court to do is judges will have to discuss all the conditions before they can have any interface with the defendant on going through the defendant's rights. Well, Your Honor, I guess in this case that happened, actually, because before he actually, Judge Whaley actually went through the entire colloquy, he asked both parties to submit briefing as to why this plea agreement was in the best interest of the public and why we were doing this and whether or not we could have made statute of limitations and ex post facto. So he had the opportunity after reviewing all of that briefing to say, wait, we're not going forward here. He didn't do that, Your Honor. What he did is he went forward. He said, I have another condition. I want to see the PSR. Which is an improper condition. He didn't say, I want to see if this is a dispositive issue. He said, I want to see the PSR. And the reason I think that the difference between consent, acceptance or rejection, and vacating a guilty plea are important is because I think that's how Rule 11 is set up. And the only time after a defendant enters a guilty plea that a court can unravel that guilty plea is actually noted in Cordova-Perez in the dissent. And that would be at page 1558. For an unconditional guilty plea. You're citing me to a dissent for authority? Well, the dissent is now, I think, law because of the Hyde case. Okay. In other words, the Hyde adopted the dissent. So I'm thinking that I'm in good stead of doing that, Your Honor. That what they say and what Judge Ferguson said in Cordova-Perez was that in Cruz, which the First Circuit considered the interplay between Rule 11 and Rule 32, recognizing that these rules preclude the court from, excuse me, wrong page. Okay. Bring it home for me because you're in overtime. Okay. Well, 1559 talks about the Federal rules only allow the courts to vacate a plea under these circumstances if there's no factual basis, if there's a fair and just reason to vacate the plea, and if there's been a fraud on the court. I submit that there's a fourth reason that a court could vacate an already guilty plea is if the case, if the issue reserved for appeal is not case dispositive, not after review of the pre-sentence report. Your Honor, that's supported by the, that is supported by the, I believe, Bundy case or the court of appeals with or vacated a guilty plea because one of the issues was not case dispositive. So I think after a defendant tenders a guilty plea, the only condition under which a court can unravel a tendered guilty plea is if the court determines that the issue is not case dispositive. Otherwise, the case as it stands here is that the plea has been tendered and the court in essence accepted the plea. Thank you. All right. Thank you both for your concerted argument. The, this, that matter will now stand submitted. The last matter on calendar, Jeremiah J. Franateck, 0774727, has been dismissed by order of the court. This court will stand adjourned until tomorrow morning at 9 o'clock. All rise. This court for this session stands adjourned.
judges: McKeown, Callahan, Wright